## Commonwealth v. Derrick

*John P. Campava,* for defendant.
*Dennis Kovach,* for the Commonwealth.

KREHEL, *P.J.,* August 20, 1985—Before this court is defendant's pre-trial motion to suppress evidence. A hearing on the motion was held on August

19, 1985. After testimony and closing argument on the motion, this court makes the following

### FINDINGS OF FACT

(1) Defendant in this case is George R. Derrick of Williamsport.

(2) Defendant was charged with violating section 3731(a)(1)(4) of the Motor Vehicle Code, Driving Under the Influence of Alcohol on November 28 1984.

(3) The arresting officer was Officer Paul Yost of the Milton Borough Police Department.

(4) Officer Yost is certified by the Commonwealth of Pennsylvania as a qualified breathalyzer test administrator.

(5) Officer Yost successfully completed a 40-hour course in Chemical Testing for Intoxication conducted by the Pennsylvania State Police.

(6) Officer Yost used a Smith & Wesson Breathalyzer Model 1000 in testing defendant's blood alcohol content on November 28, 1984.

(7) Defendant registered a reading of 0.17 blood alcohol content during his breathalyzer test.

(8) Officer Yost had successfully tested the particular Smith & Wesson Breathalyzer Model 1000 used to test defendant for accuracy on November 18, 1984.

(9) Officer Yost successfully tested the particular Smith & Wesson Breathalyzer Model 1000 used to test defendant for accuracy after obtaining defendant's results on November 28, 1984.

(10) Officer Yost successfully tested the particular Smith & Wesson Breathalyzer Model 1000 used to test defendant for accuracy on December 17, 1984.

(11) On December 22, the Departments of Health and Transportation amended the Pennsylvania Code to provide procedures for the calibration testing of a breath test device.

(12) On February 3, 1985, Officer Yost subjected the particular Smith & Wesson Breathalyzer Model 1000 used to test defendant to the procedure for calibration testing required by the Departments of Health and Transportation beginning December 22, 1984.

(13) The results of Officer Yost's calibration testing of February 3, 1985, indicated that the particular Smith & Wesson Breathalyzer Model 1000 used to test defendant was properly calibrated.

(14) The condition of the particular Smith & Wesson Model 1000 used to test defendant was substantially unchanged from November 28, 1984 until February 3, 1985.

## DISCUSSION

In establishing the procedure for enforcement of Pennsylvania's new drunk driving law (Title 75 P.C.S.A.) enacted in January of 1982, the state legislature chose to vest the responsibility for the promulgation of regulations establishing procedures for calibration testing of breathalyzer devices with the Departments of Health and Transportation. Under the pertinent section, §1547(c) of Title 75, all breathalyzer devices "shall have been calibrated and tested for accuracy within a period of time and in a manner specified by regulations of the Departments of Health and Transportation." The departments failed to prescribe calibration procedures until December 22, 1984. Defendant's motion to suppress his breathalyzer results is premised on this delay between passage of the new drunk driv-

ing act and the issuance of calibration procedures by the appropriate departments.

Defendant's motion to suppress the results of the breathalyzer test administered to him on November 28, 1984, is based on the absence of any regulations issued by the Departments of Health and Transportation establishing calibration procedures at the time of his test. Defendant contends that, absent properly issued calibration procedures, the results obtained from any breathalyzer machine cannot be fair and accurate. Thus, defendant concludes that any breathalyzer results obtained before the Departments of Transportation and Health issued their calibration procedures should not be entered as evidence in his criminal trial.

As support for his position, defendant has directed this court's attention to the case of Commonwealth v. Simmeth, 33 D.&C. 3d 168 (1984). In Simmeth, Judge Cappy of Allegheny County found the results of a breathalyzer device to be inadmissible because of the Departments of Transportation and Health's failure to promulgate testing regulations regarding calibrating as required by 75 Pa.C.S. §1547(c)(1). The rationale for this decision was the need for uniformity throughout the Commonwealth of Pennsylvania in determining the standards for admissibility of breathalyzer results: ·

"In view of the tremendous significance attributed to breathalyzer results under Title 75, most obviously in criminal prosecutions resulting from alleged drunk driving, it is critical to the fair and accurate fact-finding process, and administration of justice, that uniform accuracy and calibration testing standards be established as an impartial guide to the admission of such crucial evidence." Id. at 172-173.

While this court agrees that the courts throughout the Commonwealth need uniformity in determining the standards for admissibility of breathalyzer results, it also finds this need was met by the Departments of Health and Transportation's issuance of regulations establishing procedures for calibration testing on December 22, 1984.

It was these very regulations which Officer Yost, a certified breathalyzer test administrator, used on February 3, 1985, in calibrating the particular Smith & Wesson Breathalyzer Model 1000 used to test defendant. Officer Yost testified that at the time of his application of the calibration procedures set out in the December 22, 1984 regulations, the breathalyzer device was substantially unchanged from its condition of November 28, 1984. Further, Officer Yost testified that the particular Smith & Wesson Breathalyzer Model 1000 used to test defendant performed well within the calibration guidelines set out by the regulations issued on December 22, 1984.

In arguing for the suppression of the breathalyzer results, defendant did not challenge the correctness of Officer Yost's accuracy or calibration testing. Defendant's argument is based entirely on the fact that Officer Yost only tested for accuracy at the time of defendant's testing. Defendant also argues that the subsequent calibration procedure performed in accordance with the Departments of Health and Transportation should be given no weight. This court disagrees.

Although this court certainly would have preferred both accuracy and calibration testing at the time of defendant's arrest, it does not find the absence of calibration fatal to the Commonwealth's

contention that the evidence in this case should be admissible. This conclusion is based on the Commonwealth's successful establishment of the following elements: (1) a successful accuracy test at the time of arrest; (2) subsequent compliance with the Departments of Health and Transportation's procedures for calibration testing; (3) proof that the particular device at issue was in a substantially unchanged condition from the time of defendant's testing to the subsequent calibration testing; and (4) proof that the breathalyzer device at issue satisfied the calibration testing guidelines established by the December 22, 1984 regulations issued by the Departments of Health and Transportation.

In conclusion, this court is reluctant to suppress evidence on the bare allegation that calibration testing procedures were not in effect at the time of a defendant's arrest. Absent proof that lack of calibration has resulted in unfair or inaccurate test results, this court is unwilling to suppress such evidence. In light of the subsequent compliance with the issued calibration testing procedures and proof that the breathalyzer device at issue was in a substantially unchanged condition from the time of testing and the time of calibration, this court finds the evidence should not be suppressed. It should be further noted that absence of calibration at the time of defendant's testing may be introduced as evidence which goes to the weight of the test results.

Accordingly, we enter the following

## ORDER

And now, this August 20, 1985, defendant's motion for suppression of evidence is denied.